Dean A. Hanley, Esq.   (State Bar No. 169507)
Stephen J. Healy, Esq.   (State Bar No. 133192)
Deborah R. Rosenthal, Esq. (State Bar No. 184241)
PAUL AND HANLEY LLP
1608 Fourth Street, Suite 300
Berkeley, California 94710
Telephone:  (510) 559-9980
Facsimile:   (510) 559-9970
Email: shealy@paulandhanley.com
Email: drosenthal@paulandhanley.com

Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RUSSELL C. ROBERTS, JR.,<br><br>    Plaintiffs,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>    Defendants.. | Case No.: 08-cv-01338 JL<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND IN RESPONSE TO CRANE CO.'S <u>AMENDED</u> NOTICE OF REMOVAL**<br><br>Current Hearing Date:   April 16, 2008<br>**Proposed Hearing Date: March 14, 2008**<br>Time:                              9:30 a.m.<br>Courtroom:                    F, 15th Floor<br>Chief Magistrate Judge: Hon. James Larson<br><br>**Filed simultaneously in:**<br><br>Courtroom:                    2, 17th floor<br>**General Duty Judge:   Hon. Jeffrey S. White** |

# INTRODUCTION

Plaintiff RUSSELL C. ROBERTS JR. submits this supplemental brief in further support of his Motion to Remand to address matter newly raised in CRANE CO.'s Amended Notice of Removal, Amended Declaration of Geoffrey M. Davis, and additional evidence attached thereto.

# PROCEDURAL BACKGROUND

On Friday, March 7, 2008, five weeks into jury trial in the San Francisco Superior Court, defendant CRANE CO. removed this action pursuant to 28 U.S.C. §§ 1332 and 1441. Counsel for the parties were in communication throughout the weekend, as plaintiff attempted to obtain a stipulation from defendant to having plaintiff's motion to remand adjudicated on an expedited basis. Despite this fact and despite knowledge that plaintiff intended to file his remand papers on Monday, counsel for defendant failed to mention defendant's intent to file and serve additional evidence and amended papers on Monday morning. Plaintiff therefore had no opportunity prior to filing and serving his remand papers to address the matters newly raised in defendant's amended petition and declaration.

# LEGAL ARGUMENT

**A. CRANE CO.'s Amended Notice of Removal and Exhibits 17 and 19 thereto establish that plaintiff did not voluntarily abandon his claims against the four remaining California defendants.**

In Paragraph 8 of its Amended Notice of Removal, CRANE CO. acknowledges the applicability of California Code of Civil Procedure § 581, attached as Exhibit 17 to the Amended Davis Declaration, to the status of the remaining defendants. This statute provides, as defendant notes, that when a plaintiff abandons a claim against a defendant, the state court "shall dismiss the complaint, or any cause of action asserted in it, in its entirety…." C.C.P. § 581(d)(emphasis added). It is unclear what CRANE CO. asks this Court to infer from this provision, but both the U.S. District Court for the Central District of California and the U.S. District Court for the Northern District of California have applied the common sense interpretation that Mr.

ROBERTS asks this Court to adopt here: Where the plaintiff "orally in open court settled" with a defendant "whose California State citizenship is uncontested and indeed incontestable," complete <u>diversity did not exist because that defendant had not been dismissed.</u> *Mertan v. E.R. Squibb & Sons, Inc.* (C.D. Cal. 1980) 581 F. Supp. 751, 753. This holding was cited with approval in *Guerrero v. GMC,* 392 F.Supp.2d 1133, 1135 (ND Cal 2005) as follows:

> In *Mertan v. E.R. Squibb & Sons, Inc.,* 581 F. Supp. 751 (C.D. Cal. 1980) *v. E.R. Squibb & Sons, Inc.,* 581 F. Supp. 751 (C.D. Cal. 1980), the court remanded the case to state court where plaintiffs had "orally and in open court" settled with the non-diverse defendant. *Id.* at 752-53 at 752-53. **Rejecting the defendants' argument that a formal dismissal was not necessary, the court stated that California law provided that "the written dismissal is the only effective order the State Court can make or that is legally enforceable."** *Id.* Defendants claim *Mertan* is distinguishable because the defendants in that case had attempted to remove the case once before, unsuccessfully, and failed to follow required procedures. **While the Defendants in this case have followed the requisite procedures, the Court does not find this to be a sufficient basis on which to distinguish *Mertan*, which is still good law and has not been rejected by the Ninth Circuit.**

(Emphasis added.)

In this case, as in *Mertan* and *Guerrero,* it is uncontested and indeed incontestable that METALCLAD and three other California defendants have not been dismissed from this case and that according to the actions taken by the state court pursuant to California statute, this fact alone signifies that plaintiff has not abandoned his claims against these defendants. Exhibit 19 to the Amended Davis Declaration is the Register of Actions in the San Francisco Superior Court case. A review of the docket entries reveals that the following defendants <u>have been dismissed:</u> A.W. CHESTERTON COMPANY (dismissed 2/6/08), PLANT INSULATION COMPANY (dismissed 1/24/08), AMERICAN STANDARD INC. (dismissed 1/17/08), PARKER HANNIFIN (dismissed 1/14/08), DURAMETALLIC CORPORATION (dismissed 12/31/07), IMO INDUSTRIES INC. (dismissed 12/27/07), and SEPCO CORPORATION (dismissed 12/19/07). This docket, Defendant's Exhibit 19, reveals that the following defendants, among others, <u>have not been dismissed</u>: J.T. THORPE & SON, INC.; METALCLAD INSULATION CORPORATION, THORPE INSULATION COMPANY, and WALDRON DUFFY, INC. Plaintiff's evidence in support of his Motion to Remand shows that these four defendants, who

have not been dismissed, are California citizens. CRANE CO. itself submits evidence that METALCLAD is a California defendant.

Because CRANE CO.'s petition and supporting evidence shows that plaintiff has not abandoned his claims against METALCLAD and that METALCLAD is a California citizen, CRANE CO.'s removal papers reveal that this Court lacks jurisdiction under C.C.P. § 1441, and this case immediately must be remanded to the state court.

**B. The trial court's instruction to the jury explaining the absence of a defendant no longer participating in trial does not establish diversity jurisdiction.**

Despite evidence that numerous defendants not present at trial remain in this case, and that plaintiff is pursuing his claims against them (*e.g.*, Register of Actions showing which defendants properly served and answered have not been dismissed), CRANE CO. relies on the words of the trial judge that GOODYEAR "is no longer a party to this action" and METALCLAD will "no longer appear" to reach its conclusion that plaintiff voluntarily abandoned his claims against these defendants. This interpretation is unsupported by governing law and unreasonable in light of the context in which the statements were made.

First, as set forth above, California enacted a statute that specifies what type of state court action constitutes evidence that a plaintiff has abandoned his claim, and the type of action is the entry of a dismissal as against that defendant. C.C.P. § 581(d) and (e). There is no authority that a jury instruction given by *the Court* may be used to infer *the plaintiff's* voluntary abandonment of his claims against a defendant.

Second, the jury instruction given by Judge Tang followed the format suggested in Judicial Council of California, Civil Jury Instructions (CACI) 109 and California Jury Instructions, Civil (BAJI) 1.24. These are instructions that California Superior Court trial judges are directed to use "if the court or parties remove matters from the jury it had previously been told it was to decide." (Use Note, BAJI 1.24 (Fall 2007-2008 edition).)

CACI 109 provides that the trial judge may use either of the following instructions as appropriate during trial to explain the removal of a claim or party from the jury's purview:

[[ *Name of plaintiff* ]'s claim for [ *insert claim* ] is no longer an issue in this case.]

[[ *Name of party* ] is no longer a party to this case.]

Do not speculate as to why this [claim/person] is no longer involved in this case. You should not consider this during your deliberations.

BAJI offers the following suggested form of instruction:

The issue of the liability of the defendant[s] as to the [claim[s] for , , ] [is] [are] no longer before you.

Do not consider this for any purpose. It is not relevant to whether the defendant[s] [is] [are] liable or not liable as to any remaining claim[s].

Further, do not conclude from the fact that this instruction has been given that I am expressing any opinion as to the facts or whether [any] defendant is liable or not liable of any other claim[s].

The purpose of these instructions is to protect against the danger that jurors might speculate as to why a defendant is not present and improperly include such speculation in their determination of ultimate facts at trial. None of this has anything to do with whether a particular defendant remains in the state court action in the sense that plaintiff continues to pursue redress from that defendant for the damages alleged in his Complaint. CRANE CO. takes these statements out of context in an effort to create ambiguity where there is none. Plaintiff has not undertaken any acts suggestive of an intent to abandon his claims against the California defendants, including METALCLAD, and as a result, the federal court lacks jurisdiction.

## CONCLUSION

Plaintiff has not abandoned his claims against the California defendants properly served in the state court action, including METALCLAD. CRANE CO.'s removal papers offer no evidence that plaintiff has done so. Rather, CRANE CO. offers evidence such as the Superior Court Register of Actions, which shows that four California defendants remain in this action, and the unfounded attestation of defense counsel Geoffrey Davis that at the outset of trial, "I believe that at that time, it was all parties' understanding that plaintiff was only pursuing claims at trial

SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND IN RESPONSE TO CRANE CO.'S <u>AMENDED</u> NOTICE OF REMOVAL                                                                       PAGE 5
S:\Clients\Plaintiffs\R\Roberts, Russell 12241\Motions\CRANE remand motion - pa SUPP.doc

against Metalclad, Durabla, Crane Co. and Goodyear." (See Amended Davis Declaration at 2:1-5.) Such leaps of logic, unsupported by precedent, fall far short of the showing necessary to establish federal court jurisdiction, especially in light of the precept that removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts. (See *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109; *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996).

    Therefore, plaintiff respectfully requests that this Court enter immediate remand.

DATED: March 11, 2008                    PAUL & HANLEY LLP

By: _____
Deborah R. Rosenthal
Attorneys for Plaintiff(s)