1  **KIRKPATRICK & LOCKHART**
   **PRESTON GATES ELLIS LLP**
2  55 Second Street, Suite 1700
   San Francisco, California 94105-3493
3  Telephone: 415.882.8200
   Facsimile: 415.882.82201
4  Raymond L. Gill (SBN 153529)
   Geoffrey Davis (SBN 214692)
5  Email: Ray.Gill@klgates.com
   Email: Geoff.Davis@klgates.com
6
7  Attorneys for Defendant Crane Co.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

| | |
|---|---|
| RUSSELL C. ROBERTS, JR.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 3:08-cv-01338 JL<br><br>(Removed from Superior Court, County of San Francisco, Case No. 274248)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Hearing Date: April 16, 2008<br>Time:　　　　9:30 a.m.<br>Courtroom:　　F, 5th Floor<br>Judge:　　Chief Magistrate Judge James Larson |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF THE ISSUES TO BE DECIDED ..........................................................2

III. STATEMENT OF FACTS ..................................................................................................3

IV. ARGUMENT AND AUTHORITIES .................................................................................5

    A.    The Court Should Defer Ruling on Jurisdictional Challenges, in Favor of the MDL Transferee Court. ..........................................................................................6

    B.    Plaintiff's Settlement With All Non-Diverse Defendants Renders This Case Removable ..........................................................................................................6

    C.    Formal "Paper" Notice Is Not Required Before a Notice of Removal May Be Filed ..................................................................................................................13

    D.    All Other Statutory Requirements For Removal Have Been Satisfied ..................15

V. CONCLUSION ....................................................................................................................16

## TABLE OF AUTHORITIES

*Federal Cases*

*Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630 (W.D. Texas 1985)..................................11

*Berry v. St. Louis & S.F.R. Co.*, 118 F. 911 (D. Kan. 1902..................................................................8

*Boyer v. Snap-On Tools Corp.*, 913 F.2d 108 (3d Cir. 1990)..............................................................5

*Bumgardner v. Combustion Engineering*, 432 F. Supp. 1289 (D.S.C. 1977) ..................................12

*DiNatale v. Subaru of America*, 624 F. Supp. 340 (E.D.Mich. 1985)..............................................12

*DiNatale v. Subaru of America*, 624 F. Supp. 340 (E.D. Mich. 1985)...............................................9

*EIE Guam Corp. v. Long Term Credit Bank*, 322 F.3d 635 (9th Cir. 2003)....................................16

*Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593 (M.D. La. 1983), *modified on other grounds*, 558 F. Supp. 105..................................................................................................10

*Gregory v. West Virginia Pulp & Paper Co.*, 112 F. Supp. 8 (E.D.N.C. 1953).................................12

*Guerrero v. General Motors Corp.*, 392 F. Supp. 1133 (N.D.Cal. 2005).........................................13

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) .................................................7, 9

*Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979), appeal dismissed, 622 F.2d 584 (4th Cir. 1980) ..........................................................................passim

*Hessler v. Armstrong World Indus., Inc.*, 684 F. Supp. 393 (D.Del. 1988) ................................10, 16

*In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414 (E.D. Pa. 2002)....................................5, 6

*In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667 (E.D. Pa. 2003).......................................6

*King v. Kayak Manufacturing Corp.*, 688 F. Supp. 227 (N.D. W. Va. 1988).....................10, 11, 16

*Kulbeth v. Woolnought*, 324 F. Supp. 908 (S.D.Tex.1971)...............................................................12

*Lesher v. Andreozzi*, 647 F. Supp. 920 (M.D. Pa. 1986)....................................................................9

*Mancari v. AC&S Company, Inc.*, 683 F. Supp. 91 (D. Del. 1988) .................................................11

*Mertan v. E.R. Squibb & Sons, Inc.*, 581 F. Supp. 751 (C.D.Cal. 1980)..........................................14

*Mike Silverman & Assocs. v. Drai*, 659 F. Supp. 741 (C.D. Cal. 1987) .........................................16

*Powers v. Chesapeake & Ohio Ry. Co.*, 169 U.S. 92, 18 S. Ct. 264, 42 L. Ed. 673 (1898) ......... 10

*Preaseau v. Prudential Ins. Co.*, 591 F.2d 74 (9th Cir. 1979) .................................................. 9

*Rowe v. Johns-Manville Corp.*, 658 F. Supp. 122 (E.D. Pa. 1987) .................................. 11, 13

*Schmidt v. Capitol Life Ins. Co.*, 626 F. Supp. 1315 (N.D. Cal. 1986) ................................... 9

*Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir. 1978 ................................................. 8

*Selico v. Waterman Steamship Co.*, No. Civ. A. 99-386, 1999 WL 172958 (E.D. La. Mar. 26, 1999) ................................................................................................................. 6

*Southern Pacific Co. v. Haight*, 126 F.2d 900 (9th Cir. 1942) ........................... 8, 9, 13, 16

*Weaver v. Miller Elec. Mfg. Co.*, 616 F. Supp. 683 (S.D. Ala. 1985) ..................................... 9

### State Cases

*Scruton v. Korean Air Lines Co., Ltd.* 39 Cal. App. 4th 1596 (1995) .................................. 13

### Federal Statutes

28 U.S.C. § 1441(a) .................................................................................................................. 7

28 U.S.C. § 1446(b) ..................................................................................................... 7, 10, 15

### State Statutes

Cal. Civil Code §3528 ............................................................................................................... 2

### Other Authorities

15 Charles A. Wright *et al.*, FEDERAL PRACTICE & PROCEDURE § 3866 ....................... 6

## I. <u>INTRODUCTION</u>

This case presents a simple situation: plaintiff, a citizen of Washington, brought suit against a number of companies, and was able to secure a California state court forum by naming certain California entities. Plaintiff then pared his claims down to just two diverse defendants (corporate citizens of Connecticut, Delaware, New York and Pennsylvania), yet now seeks to prevent a proper removal by invoking the citizenship of former defendants against whom he has chosen not to proceed. Instead, plaintiff seeks the court's assistance in manipulating diversity and removability, and in frustrating defendants' statutory right to invoke this Court's jurisdiction – a right guaranteed by Congress, and whose origins trace back to the Constitution itself – by invoking the citizenship of parties with whom he has resolved his claims, and against whom he does not intend to proceed to judgment. Contrary to plaintiff's assertion, removal was proper after plaintiff settled or otherwise abandoned his claims against all non-diverse defendants, and all of the statutory requirements for removal were satisfied (complete diversity, consent of all defendants, amount in controversy exceeding $75,000, and timely removal).

During the days prior to the filing of the Notice of Removal, there were only three defendants at trial: Crane Co., Durabla Manufacturing Corporation ("Durabla"), and Metalclad Insulation Corporation ("Metalclad"). On March 7, 2008, the state Court announced, and plaintiff's counsel confirmed, that plaintiff had settled his claim against Metalclad, an act that removed the last impediment to removal. Crane Co., with Durabla's consent, immediately announced its intention to remove the case, and filed its Notice of Removal that same day.

All that remains of this action are the claims of plaintiff against Crane Co. and Durabla. Plaintiff asserts that even though he narrowed this case down to claims against Crane Co. and Durabla only, the citizenship of settled-but-not-formally-dismissed defendants, such as Metalclad, should nevertheless control the removability of claims against the only two remaining actual defendants.

Plaintiff also argues, because there were no formal dismissals, that removal was improper because there was no "paper" to trigger a right of removal. The Court should not accept plaintiff's

---
1
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

invitation to create a system in which any plaintiff in an initially non-diverse case could permanently prevent removal simply by never formalizing settlement agreements or formally notifying the other parties of a settlement or dismissal.

Nothing in the controlling case law, or in broader principles of federal jurisdiction, counsels in favor of such elevations of form over substance. Indeed, Ninth Circuit precedent rejects the positions plaintiff proffers here. More broadly, both principles of federal jurisprudence and the underlying procedural law governing plaintiff's actions in the trial court makes it clear that "[t]he law respects form less than substance." Cal. Civil Code §3528. The reality of this situation is clear: plaintiff chose his defendants and his forum at the outset, then voluntarily narrowed his claims down to just two diverse defendants, Crane Co. and Durabla. He told the state court to ignore the other parties for purposes of trial, yet now (in an expedient change of position) urges this Court to conclude that all those settled defendants remain parties for purpose of determining federal jurisdiction over a case that now involves just three participants: plaintiff, a Washington resident, and two corporate residents of other states. This Court should not countenance such manipulation.

The fact that formal dismissals were not filed is no bar to a determination that the claims were in fact abandoned or that the subject defendants are not relevant to the determination of jurisdiction. The fact that Crane Co. learned that the last diversity-defeating defendant was out of the case orally rather than in writing is also of no consequence. The record is clear that plaintiff is proceeding only against Crane Co. and Durabla, and plaintiff's failure to provide a written statement does not defeat removal.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Are there any parties remaining at issue for purposes of the determination of whether removal is proper other than plaintiff Russell Roberts, Jr., Crane Co. and Durabla?

- Must settled defendants be formally dismissed before their citizenship is disregarded for purposes of determining the existence of federal jurisdiction, and

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

before their consent is deemed unnecessary for purposes of determining removability?

- Is formal written notice of an event triggering the right of removal required before a matter within the federal court's jurisdiction may be removed?

The weight of well-reasoned law is clear: settled defendants do not have to be formally dismissed, and formal written notice is not required before a right to remove can arise. Because all of the other statutory requirements for removal are clearly satisfied, removal is proper and remand should be denied.

### III. STATEMENT OF FACTS

On June 18, 2007, plaintiff filed suit against numerous defendants. When trial started, only a small number remained.[1] As of March 6, 2008, plaintiff was proceeding against only Crane Co., Durabla and Metalclad, the trial court having previously informed the jury that there were no other parties.[2] On March 7, 2008, the Court announced, and plaintiff's counsel confirmed, that plaintiff and Metalclad had settled the case and that therefore, plaintiff was no longer pursuing the case against Metalclad. *See*, Trial Transcript, March 7, 2008, 1600: 8-1601:14, Exhibit E to the March 13

---

[1] Prior to trial, plaintiff's counsel prepared a list of the parties in the lawsuit, which included only Russell C. Roberts, Jr., Buffalo Pumps, Inc., Carrier Corporation, Crane Co., Durabla Manufacturing Company, The Goodyear Tire & Rubber Company, Gould's Pumps (IPG), Inc., Metalclad Insulation Corporation. See, Exhibit A to the March 13, 2008 Declaration of Geoffrey M. Davis "March 13 Davis Decl." and ¶2 thereto.

[2] When opening statements started, the Court informed the jury that "the corporations that are parties in this lawsuit are Metalclad, Crane, Goodyear, Carrier and Durabla." *See* Trial Transcript, February 11, 2008, 11:2-3, Exhibit B to the March 13 Davis Decl. After opening statements, when Carrier resolved the case, the Court told the jury "[t]here were companies that have appeared in this case, but they're no longer defendants in this case…" *See* Trial Transcript, February 14, 2008, 156:2-3, Exhibit C to the March 13 Davis Decl. When The Goodyear Tire & Rubber Company resolved the case, the Court told the jury "Goodyear is no longer here. They are no longer a party to this action." *See* Trial Transcript, February 22, 2008, 795:15-16, Exhibit D to the March 13 Davis Decl.

Davis Decl. As of that time, that time, the only actual parties to the case were plaintiff, Crane Co. and Durabla. Crane Co. then promptly removed.

There is no dispute that complete diversity of citizenship exists plaintiff, Crane Co. and Durabla. Plaintiff is a resident of Washington state; Crane Co. and Durabla are incorporated under the laws of states other than Washington or California and maintain principal places of business outside of Washington or California. See, March 7 Declaration of Geoffrey M. Davis ("March 7 Davis Decl."), Exhibit 1 (showing that plaintiff is a Washington resident); ¶¶7 and 8 and Exhibits 2 and 3 (showing that Crane Co. is a Delaware Corporation with its principal place of business in Connecticut); and ¶ 10 and Exhibit 5 (Durabla is a New York corporation with principal place of business in Pennsylvania).

It is equally clear that the amount-in-controversy requirement for federal jurisdiction has been satisfied. Indeed, plaintiff has asserted damages far in excess of $75,000 – his economist estimates economic losses of over $1,800,000, and a medical expert estimates an additional $550,000 or more in medical expenses. See, Economic Loss Report of Barry Ben-Zion, Ph.D., Exhibit F to the March 13 Davis Decl., and Trial Testimony of Barry Horn, M.D., March 6, 2008, 1558:5-23 and 1560:20-1561:11, Exhibit G to the March 13 Davis Decl.

Crane Co. filed its Notice of Removal on March 7, 2008, with Durabla's consent.[3] Plaintiff now seeks remand to state court, asserting that at least one settled former defendant, that was not participating in the trial, defeats diversity, that consent of all the settled former defendants (for whom formal dismissal have not been filed) was required to remove, and that the lack of formal notice of Metalclad's settlement renders the case non-removable even if diversity does exist.

---

[3] Although plaintiff claims that Durabla did not consent, the original consent signed by Durabla's counsel is contained within the Court file for this matter. As stated in the March 7 Davis Decl., ¶11 and Exhibit 6, and in the March 10, 2008 Amended Declaration of Geoffrey M. Davis ("March 10 Amended Davis Decl."), ¶12 and Exhibit 6, Durabla did consent. Durabla's original signed Consent was filed with the Court as Exhibit 6 to the March 7 Davis Decl. Because counsel was unable to retain a copy at that time, service copies could not contain an executed version. See, ¶12 of the March 10 Amended Davis Decl.

## IV. ARGUMENT AND AUTHORITIES

As a threshold matter, the Court should not forget that the right of a non-resident defendant to remove a diversity case is just that – a **right**, created by statute and founded in the Constitution's grant of federal judicial authority over cases involving citizens of different states. Once the statute's requirements have been satisfied, that right should not be denied simply because a case has progressed into trial, or simply because it would add to federal courts' caseloads. As Judge Bartle perceptively observed in the context of other toxic tort litigation:

> This statutory right, we should not forget, emanates from Article III, Section 2 of the Constitution. As long as Congress authorizes the federal district courts to exercise subject matter jurisdiction over diversity actions we must protect the right of parties to invoke it. . . . As aptly stated by our Court of Appeals . . . "so long as federal diversity jurisdiction exists . . . the need for its assertion may well be greatest when plaintiff tries hardest to defeat it."

*In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002) (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

Plaintiff has unequivocally abandoned his claims against all defendants other than Crane Co. and Durabla. By settling with or dismissing all other defendants, and by proceeding with trial solely against Crane Co. and Durabla, plaintiff has clearly and unequivocally indicated his intent not to obtain judgments against any other entities through this lawsuit. As such, plaintiff, Crane Co. and Durabla are the only parties that should be considered in determining whether this Court has jurisdiction over this case – that is, the claims of plaintiff against Crane Co. and Durabla.

Plaintiff, however, urges the Court to ignore the substance of his actions in favor of "crafty trial tactics," in order "to deprive a nonresident defendant of a valid statutory right to removal where such is timely implemented." *Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980). Nothing in the law countenances such an underhanded approach to the determination of a non-resident defendant's important statutory right of removal.

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

### A. The Court Should Defer Ruling on Jurisdictional Challenges, in Favor of the MDL Transferee Court.

As a threshold matter, the Court need not address questions as to subject matter jurisdiction. Together with its Notice of Removal, Crane Co. filed a Notice of Tag-Along Action, because asbestos litigation in the Federal Courts is handled by MDL No. 875. Plaintiff's objections to Federal Court jurisdiction should be addressed by the United States District Court for the Eastern District of Pennsylvania, the transferee court for MDL No. 875. This is a common practice in multi-district litigation. *See Selico v. Waterman Steamship Co.*, No. Civ. A. 99-386, 1999 WL 172958, at *2 (E.D. La. Mar. 26, 1999) (deferring a ruling on plaintiff's motion to remand to state court in an asbestos case, pending a request for transfer to No. MDL 875, so that the transferee court may consider and decide the remand motion). *See also In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667, 670 (E.D. Pa. 2003) (addressing motions to remand to state court after transfer to the MDL); *In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 417 (E.D. Pa. 2002) (same).

As one noted commentary observes, "district courts will often exercise their discretionary power to stay proceedings pending a decision by the Panel on the transfer of a case, especially when such a stay would further the policies of judicial economy, efficiency, and consistency. . . . Given the transferee court's jurisdiction over all pretrial motions, the practice of transferor judges deferring in these matters to the transferee court seems wise and has avoided any possible conflict or struggle between the transferor and transferee courts." 15 Charles A. Wright *et al.*, FEDERAL PRACTICE & PROCEDURE § 3866, at 612-13.

This Court should, therefore, defer these jurisdictional matters pending a transfer decision by the Judicial Panel on Multidistrict Litigation.

### B. Plaintiff's Settlement With All Non-Diverse Defendants Renders This Case Removable

28 U.S.C. § 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of

the United States for the district and division embracing the place where such action is pending." This right of removal may be exercised not only at the outset of the case, but also when an otherwise unremovable case "is rendered removable by virtue of a change in the parties or other circumstance." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). 28 U.S.C. § 1446(b) further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."

As discussed below, numerous cases hold that the resolution or settlement of plaintiff's claims against all non-diverse defendants renders a case removable, so long as the other requirements for removal based on diversity jurisdiction have been met (amount in controversy, time limits, consent). It is the plaintiff's voluntary act that renders the remaining parties completely diverse that triggers the 30-day deadline for removal. 28 U.S.C. § 1446(b).

It is well-established in this Circuit that a matter may be removed when a plaintiff voluntarily[4] abandons its claims against a defendant whose presence destroys diversity or otherwise precludes removal, even if there is no formal voluntary dismissal. The seminal Ninth Circuit case, *Southern Pacific v. Haight*, presents circumstances similar to the facts of this matter. There, at the commencement of trial, the plaintiff indicated that she was ready to proceed, even though non-diverse defendants had yet to be served. 126 F.2d 900, 902 (9 Cir. 1942), . At that point, Southern Pacific removed the case, and the Court of Appeals upheld the exercise of federal jurisdiction:

> [T]he plaintiff in the instant case having petitioned the court to set the case for trial and having announced that she was ready to proceed with the trial against the Southern Pacific Company, each at a time when only the latter defendant had been brought into court,

---

[4] Although the statutory language contains no such limitation, and would appear to allow removal even when a "removal killing" defendant is terminated from the case over the plaintiff's objection, this Circuit's jurisprudence holds that only a plaintiff's voluntary act in discontinuing his claims will permit removal. *See, e.g., Self v. General Motors Corp.*, 588 F.2d 655, 657-60 (9th Cir. 1978).

7
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

>had abandoned the joint character of her action, and rendered the
>cause immediately removable to the District Court.

*Id.* at 904.[5] Significantly, in the present context, the Court of Appeals discerned no jurisdictional impediment, despite the lack of a formal dismissal of the missing defendants.

Similarly, in *Harris v. Bankers Life and Casualty Co., supra,* the plaintiff wrote a letter opposing a defendant's motion for continuance of the trial date, a continuance that was needed because, *inter alia,* a missing defendant (whose citizenship was unknown, thereby precluding removal) had not been served. Had plaintiff wished to press his claim against this missing defendant, the current trial schedule would have been impossible to maintain. 425 F.3d at 691-92. Thereupon, the remaining defendant removed the case, and the Ninth Circuit held that the removal was appropriate: "the case became removable . . . when it became apparent that [plaintiff] had abandoned his claims against [the missing defendant]. At that point, the complete diversity between the remaining parties first became ascertainable." *Id.* at 696. Once again, no formal dismissal was obtained or needed. *See also Preaseau v. Prudential Ins. Co.,* 591 F.2d 74, 75-77 (9th Cir. 1979) (voluntary dismissal at trial of non-diverse defendants) (citing *Haight*); *Schmidt v. Capitol Life Ins. Co.,* 626 F. Supp. 1315, 1318 (N.D. Cal. 1986) ("Ninth Circuit cases have long acknowledged that removability can arise upon the abandonment of claims against a resident joint defendant" by "pleading or other action by which the plaintiff unequivocally effects an abandonment," citing *Haight* and *Preaseau*).[6]

---

[5] In addition, the *Haight* Court adopted the reasoning of *Berry v. St. Louis & S.F.R. Co.,* 118 F. 911 (D. Kan. 1902). In *Berry,* the plaintiff elected to proceed at trial against only one of two defendants. As a result, the court held that "the plaintiff abandoned her right to a joint judgment by demanding a trial as to one defendant in the absence of service upon the other. The course of trial and the character of the verdict and judgment in a joint action render any other conclusion impossible." 118 F. at 9133. The court also held that where the plaintiff abandons the joint nature of the proceedings and elects not to pursue a verdict against all defendants, "there arises at the moment of the election such a change in the structure of the controversy as confines the inquiry to the citizenship of the parties then before the court." *Id* at 914.

[6] Courts elsewhere are in accord. *See, e.g., Lesher v. Andreozzi,* 647 F. Supp. 920, 921 (M.D. Pa. 1986); *DiNatale v. Subaru of America,* 624 F. Supp. 340, 344 (E.D. Mich. 1985); *Weaver v. Miller Elec. Mfg. Co.,* 616 F. Supp. 683, 687 (S.D. Ala. 1985); *Heniford,* 471 F. Supp. at 333-34.

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

As *Haight* and *Preseau* show, this right of removal may even arise at the trial of an action, so long as the removal is effected promptly. *See also Powers v. Chesapeake & Ohio Ry. Co.,* 169 U.S. 92, 100-01, 18 S. Ct. 264, 267, 42 L. Ed. 673, 676 (1898) (removal upheld where plaintiff voluntarily discontinued claims against non-diverse defendants at trial); *Heniford,* 471 F. Supp. at 333-34 (removal valid when plaintiff's counsel, **in closing argument,** abandoned claim against resident defendant).[7]

A number of other cases have dealt with the situation where a state court lawsuit becomes removable during the pendency of the action, and even <u>during trial</u> as in this case, because the plaintiff elected to resolve his or her claims against the non-diverse defendant(s). For instance, in *Hessler v. Armstrong World Indus., Inc.,* 684 F. Supp. 393 (D.Del. 1988), also an asbestos lawsuit with numerous defendants, the plaintiff resolved the case with all non-diverse defendants, and provided the remaining defendants with informal notice of the settlements; dismissals were not entered. The court held that "in cases involving settlement with non-diverse defendants, formal dismissal is not a prerequisite for removability." *Id.* at 395 (citing *Lesher v. Andreozzi,* 647 F. Supp. 920, 921 (M.D. Pa. 1986) and *Erdey v. American Honda Co., Inc.,* 96 F.R.D. 593 (M.D. La. 1983), *modified on other grounds,* 558 F. Supp. 105. Thus, the simple fact that plaintiff has resolved his claims against Metalclad and the other former defendants is enough to permit diversity removal in this case, even if formal dismissals had not yet been filed.

In *King v. Kayak Manufacturing Corp.,* 688 F. Supp. 227 (N.D. W. Va. 1988), the Notice of Removal was filed after the plaintiff settled with the non-diverse defendant <u>during trial</u>. The Court noted that a voluntary act of plaintiff is required to render a previously non-removable action removable based on diversity, and held that a formal written order was not necessary where the state court's announcement of the settlement put the diverse defendant "on notice that diversity existed

---

[7] Removal at trial is uncommon, not because it is improper, but simply because few diversity cases reach trial in less than one year from their commencement, and thus are not removable under 28 U.S.C. § 1446(b)'s one-year limitation.

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

and the case was then removable." *Id.* at 230 (citing *Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630 (W.D. Texas 1985) and *Heniford v. American Motors Sales Corp., supra*, 471 F. Supp. 328). In essence, the Court held that the practical result of the settlement (leaving only two diverse parties in the case) was the important factor, not the formalities espoused by the plaintiff both there and in this case.[8]

In *Mancari v. AC&S Company, Inc.*, 683 F. Supp. 91 (D. Del. 1988), the Court faced a situation strikingly similar to that presently before the Court. There, the plaintiff settled his claims with all but the one remaining diverse defendant, which thereafter filed a Notice of Removal. In deciding the plaintiff's motion to remand, the Court held:

> When a plaintiff voluntarily enters into a settlement with all non-diverse defendants leaving only a diverse defendant in the action, **the plaintiff is deemed to have given up its right to choose the forum of the action**. *Rowe v. Johns-Manville Corp.*, 658 F. Supp. 122, 123 (E.D. Pa. 1987) (citing *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593 (M.D. La. 1983)). It is not required that dismissal of the non-diverse defendants be in writing or be formalized.

*Id.* at 93 (emphasis added).[9]

Numerous other cases have found jurisdiction to be proper in situations similar to this, so long as the timing requirements for removal were met. In *Heniford, supra*, the plaintiff's attorneys effectively dismissed the non-diverse defendant during closing arguments by specifically asking the jury not to find liability. The diverse defendant then filed a Notice of Removal. The court held that the closing argument was effective as a dismissal, despite non-compliance with the South Carolina rules governing voluntary dismissals, because "there no longer remained an actual, substantial controversy between" the plaintiff and the non-diverse defendant. 471 F. Supp. at 334. In *Heniford*,

---

[8] The Court held, however, that removal was improper, because the removing defendant voluntarily proceeded with the state court trial before filing the Notice of Removal, thereby waiving removal. In contrast, Crane Co. removed immediately, before any further state court proceedings occurred.

[9] As in *King*, the *Mancari* court remanded the case back to state court because the defendant voluntarily participated in state court proceedings after receiving notice that the case was removable, and before filing the Notice of Removal, thereby waiving its right to remove.

10
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

as here, the plaintiff objected that there had been no formal "paper" giving notice of a dismissal or abandonment of the claims. The Court found that argument unpersuasive, as courts have permitted removal under §1446(b) where the dismissal or discontinuance as to the resident defendant is manifested by the conduct of the plaintiff." *Id.* at 335 (citing *Bumgardner v. Combustion Engineering*, 432 F. Supp. 1289 (D.S.C. 1977); *Gregory v. West Virginia Pulp & Paper Co.*, 112 F. Supp. 8, 10 (E.D.N.C. 1953) and *Kulbeth v. Woolnought*, 324 F. Supp. 908 (S.D.Tex.1971)).

Settlements designed to defeat diversity in order to prevent removal are not favored. In *DiNatale v. Subaru of America*, 624 F. Supp. 340 (E.D.Mich. 1985), the Court held that removal was proper where the plaintiff settled with the non-diverse defendant during trial, even though the settlement required the defendant to continue participating in trial until verdict. Pursuant to the settlement, the plaintiff agreed not to try to collect on any judgment entered against the defendant. After discovery was conducted on the issue of removability, the Court found that the settlement was structured to prevent diversity, and therefore removal, and held that the plaintiff abandoned her claims against the non-diverse defendant. Plaintiff's motion to remand was, therefore, denied, even though the defendant remained an actual party at trial.[10]

The cases plaintiff cites as authority for the proposition that removal is improper without a formal dismissal are inapposite, and do not require remand of this case back to the San Francisco County Superior Court. In , *Guerrero v. General Motors Corp.*, 392 F. Supp. 1133 (N.D.Cal. 2005), is not applicable to the case at bar. In *Guerrero*, four of the plaintiffs were minors, whose claims cannot be resolved under California law without approval of the state court. Plaintiffs entered into settlement agreements with the non-diverse defendants, which were necessarily contingent upon approval by the Superior Court, and filed Applications for Determination of Good Faith Settlement.. Before the Superior Court ruled on those applications, General Motors filed its Notice of Removal.

---

[10] Numerous other cases are in clear agreement. *See, e.g., Southern Pac. Co. v. Haight*, 126 F.2d 900 (9 Cir. 1942); *Lesher v. Andreozzi*, 647 F. Supp. 920 (M.D. Pa. 1986); and *Rowe v. Johns-Manville Corp.*, 658 F. Supp. 122, 123 (E.D. Pa. 1987).

11
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

In remanding the case because the settlements were not final, the *Guerrero* court specifically noted that "Until court approval is granted, 'a settlement of the claims of a minor by a guardian ad litem is not final *or binding*.'" *Id.* at 1135 (citing *Scruton v. Korean Air Lines Co., Ltd.* (1995) 39 Cal. App. 4th 1596, 1602-1605 (1995))(emphasis present in *Guerrero* decision). The removing defendant cited some of the same authority upon which Crane Co. relies in this case, but the *Guerrero* Court found those cases factually distinguishable, based on the very specific difference that "[n]one of those cases involved the factual situation here, namely settlement with minors that required court approval to become binding on the parties." *Guerrero* at 1135. Thus, precedential value of *Guerrero* is limited to the factual situation where Court approval is **required** before a settlement becomes binding. Although plaintiffs herein claim that some defendants may seek optional approval of their settlements, such approval is not required, and has not been requested, and therefore does not operate to prevent removal in this case.

Also inapposite to this situation is *Mertan v. E.R. Squibb & Sons, Inc.*, 581 F. Supp. 751 (C.D.Cal. 1980). There, a defendant removed a second time after being informed that the non-diverse defendant resolved the case. The *Mertan* court remanded the case back to state court on a number of independent grounds; in particular, the court held that removing party failed to comply with substantive rules governing removal procedure (namely, that the removing defendant failed to file copies of process, pleadings and orders from the underlying state court action), and failed to properly demonstrate the citizenship of all parties (by merely alleging the "residence" of the plaintiff and not her "citizenship"). While the court also held that the absence of a formal dismissal of a diversity-destroying party precluded federal jurisdiction, that is simply an alternative ground. Of particular note, the court failed to cite any of the authorities (including controlling Ninth Circuit decisions) which make clear that formal dismissal is ***not*** required. (The Court simply cited the California Code of Civil Procedure on dismissals, which of course is not determinative on a question of federal law.) As such, *Mertan* cannot be read to require a formal dismissal as a prerequisite to

12
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

disregarding the citizenship of a non-diverse defendant, in the face of an unequivocal abandonment of plaintiff's claims against that defendant.

Plaintiff further contends that his settlements with some defendants are so insubstantial and ethereal that his claims against those settling defendants survive, and that these defendants should therefore still be considered parties to this action. For example, Plaintiff claims that he has "agreements to agree" with four of the former defendants in this action, and that those agreements can be terminated at any time.[11] However, the only evidence cited in support of that argument is self-serving multi-layer hearsay, offered by plaintiff's counsel, purporting to summarize the contents of a computer database that has not been offered into evidence. Plaintiff has not offered any actual evidence that such agreements exist, let alone the terms of these agreements, or any support for the conclusion that they are subject to unilateral revocation at any time, as asserted by plaintiff's counsel. If plaintiff is to rely on such agreements in support of remand, he must produce the agreements, so that those claims can be evaluated by the Court and opposing parties.

In sum, plaintiff elected to resolve this case with all defendants other than Crane Co. and Durabla. Instead of accepting the results of those decisions, plaintiff seeks to manipulate the facts and the courts by invoking the citizenship of former parties to the case to defeat removal. Absent a requirement of court approval of the settlements, however, plaintiff's settlements with the non-diverse defendants operate to render this case properly removable, and remand should be denied.

C.     **Formal "Paper" Notice Is Not Required Before a Notice of Removal May Be Filed**

Plaintiff further asserts that removal is improper because Crane Co. received only informal notice that the case had become removable when Metalclad settled, relying on the statement in

---

[11] Even the existence of such "agreements to agree" is questionable, as none were disclosed in response to Judge Tang's March 6, 2008 order, which directed plaintiff to disclose to the remaining defendants the aggregate amount of all settlements and the existence of any "Mary Carter" agreements, agreements to agree, and the like. Plaintiff and his counsel disclosed a dollar amount of aggregate settlements through Judge A. James Robertson of the San Francisco Superior Court, but failed to disclose the existence of any other agreements of any sort. See, March 10 Amended Davis Decl., ¶5.

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

section 1446(b) further provides that a notice of removal may be filed within thirty days after the defendant receives "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. §1446(b). Plaintiff asserts that this requirement is to be taken literally, and that removal is improper unless plaintiff or the trial court somehow provide written notice of removability. As with plaintiff's argument that a formal dismissal is required, this argument – if accepted by this Court – would incentivize parties to fraudulently preclude removal, as any plaintiff could prevent removal by electing not to inform the other defendants *in writing* of settlements.

Such a removal-permitting change is often effected by a written document – Section 1446(b) refers to "an amended pleading, motion, order or other paper" – but controlling Ninth Circuit precedent (and well-reasoned decisions from other courts) make clear that oral statements made in open court are sufficient to trigger a right of removal (and the resultant 30-day time limit). *See, e.g., Southern Pacific Co. v. Haight,* 126 F.2d 900, 903-04 (9th Cir. 1942); *Mike Silverman & Assocs. v. Drai,* 659 F. Supp. 741, 746 & n.9 (C.D. Cal. 1987); *Heniford v. American Motors Sales Corp.,* 471 F. Supp. 328, 334 (D.S.C. 1979), *appeal dismissed,* 622 F.2d 584 (4th Cir. 1980); *see also EIE Guam Corp. v. Long Term Credit Bank,* 322 F.3d 635, 643 & n.6 (9th Cir. 2003) (in determining federal jurisdiction "[w]e are not limited to the pleadings but must also examine the context of the case as a whole," including "the plaintiff's subsequent conduct, even though the pleadings were never amended," citing *Haight*).

*Hessler, supra,* 684 F. Supp. 393, also makes it clear that defendants need not – and indeed cannot – wait for a formal "paper" dismissing non-diverse defendants before removing a case. There, the removing defendant first received informal notice of the settlements, then several months later received formal notice, after which the defendant removed the case. That case was actually remanded because the defendant failed to remove after receiving **informal** notice of the settlement, but instead waited for formal notice, and thereby violated the requirement to remove within 30 days. Had Crane Co. waited until receipt of formal notice and formal dismissal, plaintiff herein would no

14
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

doubt have made the exact same argument successfully used by the plaintiff in *Hessler* to gain remand of the case. The Court in *King v. Kayak Manufacturing Corp., supra*, 688 F. Supp. 227, held similarly, finding the trial court's announcement of the settlement to be proper notice that diversity existed and triggering the 30-day time limit on removal. *Id.* at 230.

Actual notice of diversity invokes the defendants' right to remove. Formal paper notice of diversity is not required; all that is required is actual notice of a voluntary act that renders the case fully diverse. Crane Co. received actual notice that the case was diverse on March 7, 2008, and appropriately, immediately filed its Notice of Removal.

### D. All Other Statutory Requirements For Removal Have Been Satisfied

1. **Amount in Controversy**. As discussed above, the amount in controversy exceeds $2 million, as plaintiff claims over $1.8 million in economic losses other than medical expenses and an additional $550,000 in medical expenses. Plaintiff has not contested this element.

2. **Unanimity**. There are only two defendants against whom plaintiff is actually in an adversarial position – Crane Co. and Durabla. Crane Co. filed the Notice of Removal, and Durabla consented to the removal. See, Exhibit 6 to the March 7, 2008 Declaration of Geoffrey M. Davis.[12]

3. **Timing**. The Notice of Removal was filed on the same day counsel for Crane Co. was informed that the non-diverse defendant had settled out of the case, and no proceedings were held after the settlement was announced, because of Crane Co.'s immediately stated intent to file the Notice of Removal. Although plaintiff has asserted that the lack of formal notice leaves the case un-removable, he does not contend that Crane Co. waited too long to remove if the case was properly removable on March 7, 2008.

---

[12] The only signed copy of Durabla's Consent is attached to the original March 7 Davis Decl., which was filed with the Clerk of the Court.

15
**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

## V. CONCLUSION

The only parties actually remaining in this case are plaintiff, Crane Co. and Durabla, and complete diversity exists. Crane Co. has satisfied all of the statutory requirements for removal, and remand should be denied. Plaintiff made the decision to proceed at trial against only Crane Co. and Durabla, and to thereby give rise to Crane Co.'s statutory right of removal. No party or court forced plaintiff to abandon his claims against Metalclad and the other settled-but-not-formally-dismissed former defendants. Plaintiff did so of his own accord and no Court approval is necessary to effectuate the abandonment of those claims. That plaintiff intends to delay the formal dismissal of Metalclad in order to defeat diversity does not alter the character of the action – to render the parties diverse and the case properly removable. The Court should deny plaintiff's request for official approval of his manipulation of the parties in the state court action, and deny the Motion for Remand.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

Dated: March 13, 2008          By: _____
                                    Geoffrey M. Davis
                                    Attorneys for Defendant Crane Co.