LUCINDA L. STORM, ESQ. (State Bar No. 129541)
KENNETH D. HOLLENBECK, ESQ. (State Bar No. 196131)
LAW OFFICES OF LUCINDA L. STORM, ESQ.
610 A Third Street
San Francisco, California 94107
Telephone: (415) 777-6990
Facsimile: (415) 777-6992

Attorneys for Defendant,
Durabla Manufacturing Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL C. ROBERTS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> A. W. CHESTERTON COMPANY, et al. <br><br> Defendants. | Case No.: C 08-01338 JL <br><br> **DEFENDANT DURABLA MANUFACTURING COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND JOINDER IN DEFENDANT CRANE CO.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** <br><br> Hearing Date: March 19, 2008 <br> Time: 9:30 a.m. <br> Courtroom: F, 5th Floor <br> Judge: Chief Magistrate Judge James Larson |

Defendant, Durabla Manufacturing Company, ("Durabla"), joins in Defendant Crane Co.'s Opposition to Plaintiff's Motion to Remand for Lack of Jurisdiction, including the Declaration of Geoffrey M. Davis, the Memorandum of Points and Authorities in Support of Motion and Exhibits A through G thereto and opposes Plaintiff's Motion to Remand as follows.

Plaintiff's settlements with all non-diverse defendants including Waldron Duffy, Inc., ("Waldron") make the case removable so long as the other requirements for removal based on diversity jurisdiction have been satisfied, including the amount in controversy, consent and time

1  limits. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b). Waldron, Foster Wheeler USA Corporation,
2  Asbestos Corporation, Ltd., and Crown Cork & Seal Company, Inc. are no longer parties to this
3  action because they have reached "agree to agree" settlement arrangements with Plaintiff.
4  (Plaintiff's Notice of Motion and Motion to Remand at p. 3:13-5; Declaration of Dean A. Hanley
5  in Support of Plaintiff's Motion to Remand, p. 3: 7; 24-25). This type of settlement agreement is
6  binding and enforceable. As stated in *Stewart v. Prestine Pipeline Inc.*, a settlement agreement
7  does not have to meet all the procedural requirements to be enforceable. 134 Cal.App.4th 1565,
8  1584 (2005). Due to the fact that Plaintiff and Waldron, Foster Wheeler USA Corporation,
9  Asbestos Corporation, Ltd., and Crown Cork & Seal Company, Inc have entered into enforceable
10 settlement agreements, they cannot be a party to the present case and cannot be used as a reason
11 to defeat diversity jurisdiction. Despite the fact that the settlement may be informal or not yet
12 final, removal is still appropriate in this case.
13     The same reasoning and law applies to the settlements and resolutions with J.T. Thorpe &
14 Sons, Inc., Metalclad Insulation Corporation, NIBCO, Inc., Thorpe Insulation and Warren
15 Pumps. (Plaintiff's Notice of Motion and Motion to Remand at p. 4:-1-4; 8-11; 14-16.).
16     Removal has been found to be proper in cases where non-diverse defendants have not
17 been formally dismissed. *Mancari v. AC&S Co.*, 683 F. Supp. 91, 93 (D. Del. 1988); *Rowe v.*
18 *Johns-Manville*, 658 F. Supp 122, 123 (E.D. Pa. 1987); *Lesher v. Andreozzi*, 647 F. Supp. 920,
19 921 (M.D. Pa. 1986); *DiNatale v. Subaru of America*, 624 F. Supp. 340 (E.D. Mich. 1985);
20 *Erdey v. American Honda*, 96 F.R.D. 593 (M.D. La. 1983); *Heniford v. American Motor Sales*
21 *Corp.*, 471 F. Supp. 328 (D. S.C 1979). All that is required is that the non-diverse defendants be
22 dismissed or abandoned by a voluntary act of Plaintiff. *Schmidt v. Capitol Life Insurance Co.*,
23 626 F. Supp. 1315, 1318 (N.D. Cal. 1986). By "agreeing to agree" plaintiff has effectively
24 discontinued his case against these entities. Since Plaintiff's claims against have been settled,
25 there are no resident defendants remaining. Therefore, complete diversity exists, and the case
26 has become removable and was timely removed as is set forth in the Crane Co. Opposition to the
27 Motion to Remand. (Crane Co. Opposition to Motion to Remand at p.3:12-16; p.15:10-21).
28

**REQUEST FOR REMAND RELATED DISCOVERY**

Should the Court determine that the settlements Plaintiff has acknowledged exist with Waldron, Foster Wheeler USA Corporation, Asbestos Corporation, Ltd., Crown Cork & Seal Company, Inc., or the issues with respect to Warren Pumps, Thorpe Insulation and NIBCO, Inc., do not effectively remove these entities from the case, then Durabla moves, in the alternative, for the Court to allow remand related discovery and to provide sufficient time to accomplish reasonable discovery prior to the hearing on this matter.

Dated: March 13, 2008                    LAW OFFICES OF LUCINDA L. STORM, ESQ.

*/s/ Lucinda L. Storm*

Lucinda L. Storm, Esq.
Kenneth D. Hollenbeck, Esq.
Attorneys for Defendant,
DURABLA MANUFACTURING COMPANY

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California by a member of the Bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 610A Third Street, San Francisco, California 94107. On March 13, 2008, I served the document(s) described as:

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

on the party(ies) to this action named on the attached service list by the method described below.

__X__: (BY ELECTRONIC MEANS) – I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or indication that the transmission was unsuccessful.

__X__: (BY U.S. MAIL) – I enclosed a true and correct copy of said document(s) in an envelope addresses to the addressee(s) listed above and place it for collection and mailing following the ordinary business practices of the Law Offices of Lucinda L. Storm, Esq. I am readily familiar

1  with the firm's practice of collecting and processing correspondence for mailing. On the same
2  day that correspondence is placed for collection and mailing, it is deposited in the ordinary
   course of business with the U.S. Postal Service with postage fully prepaid at San Francisco,
3  California.

4      Executed on March 13, 2008, at San Francisco, California.

5      I declare under penalty of perjury that the foregoing is true and correct.

6
7                                                              Joshua Lorber
8

17                                             SERVICE LIST

| Stephen J. Healy, Esq. | Geoffrey M. Davis |
| Deborah R. Rosenthal, Esq. | K&L GATES |
| PAUL AND HANLEY LLP | 55 Second St. Suite 1700 |
| 1608 Fourth Street, Suite 300 | San Francisco, CA 94105 |
| Berkeley, CA 94710 | Tel: (415) 249-1003 |
| Tel: (510) 559-9980 | Fax: (415) 882-8220 |
| Fax: (510) 559-9970 | Geoff.Davis@Klgates.com |
| shealey@paulandhanley.com | *Counsel for Defendant Crane Co.* |
| drosenthal@paulandhanley.com | |
| *Counsel for Plaintiff Russell Roberts, Jr.* | |