**KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP**
55 Second Street, Suite 1700
San Francisco, California 94105-3493
Telephone: 415.882.8200
Facsimile: 415.882.8220
Raymond L. Gill (SBN 153529)
Geoffrey Davis (SBN 214692)
Email: Ray.Gill@klgates.com
Email: Geoff.Davis@klgates.com

Attorneys for Defendant Crane Co.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

| | |
|---|---|
| RUSSELL C. ROBERTS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | Case No. 3:08-cv-01338 JL<br><br>(Removed from Superior Court, County of San Francisco, Case No. 274248)<br><br>**CRANE CO.'S REQUEST FOR ORAL ARGUMENT ON PLAINTIFF'S MOTION FOR REMAND**<br><br>Hearing Date: March 19, 2008<br>Time: 9:30 a.m.<br>Courtroom: F, 5th Floor<br>Judge: Chief Magistrate Judge James Larson |

    Defendant Crane Co. hereby requests oral argument on plaintiff's Motion for Remand, and that the Court defer ruling on said Motion until after such argument occurs at a time to be determined by the Court, or by telephone conference pursuant to Local Rule 7-1(b). Crane Co. requests oral argument for the following reasons:

    1.    The core issue posed in this case is the right of a diverse defendant to remove after all non-diverse defendants settle their claims but before those claims are formally dismissed. While Ninth Circuit precedent clearly establishes that formal dismissal is not required, that narrow issue has not been squarely addressed in any reported decision of the Northern District of

---

1
**REQUEST FOR ORAL ARGUMENT ON PLAINTIFF'S MOTION TO REMAND**

California, and a District Court opinion from the United States District Court for the Central District of California erroneously concludes otherwise. As such, Crane Co. believes that it will be helpful to the Court to hold oral argument so that counsel for the parties can address questions of the applicability of the authorities cited in the parties' briefs to the case at hand.

2. Counsel for Crane Co. has been informed that it is now the sole remaining defendant against whom plaintiff intends to proceed at trial. At the time the Notice of Removal was filed, the only defendants against whom plaintiff intended to proceed at trial were Crane Co. and the Durabla Manufacturing Company, which is also diverse and consented to removal. Counsel for Durabla has since informed the Court and Crane Co.'s counsel that Durabla has resolved this matter with the plaintiff. See Declaration of Geoffrey M. Davis in Support of Crane Co.'s Request for Oral Argument on Motion for Remand, ¶2 and Exhibit A thereto.

3. It is undisputed that Federal jurisdiction would otherwise exist, and that Crane Co. would otherwise be entitled to remove this case. Crane Co., a citizen of Connecticut and Delaware, and now the sole defendant at trial, is wholly diverse from the plaintiff, a citizen of Washington, and the amount in controversy unquestionably exceeds $75,000.

4. This is a determination of an important legal right -- the right, guaranteed by statute and enshrined in the Constitution, for non-resident defendants to access United States courts.

5. Nonetheless, plaintiff opposes removal, arguing that defendants with whom he has settled his dispute and against whom he no longer wishes to proceed at trial should nevertheless be counted for jurisdictional purposes. As stated above, although Crane Co. believes that Ninth Circuit precedent clearly supports removal in this case, this is an issue that has not yet been squarely addressed in the Northern District of California (as discussed at p. 14 of Crane Co.'s Memorandum of Points and Authorities in Opposition to Motion for Remand, the *Guerrero* case does not address the particular issue before the court in this case).

6. Although plaintiff claims that the Motion for Remand must be decided with the utmost urgency, plaintiff's trial evidence does not support that claim. Barry Horn, M.D. is one of plaintiff's experts and the only witness at trial who addressed life expectancy. Dr. Horn testified

1  that the life expectancy for a patient such as the plaintiff and receiving similar treatment, is
2  approximately 2 years from diagnosis (which occurred in March, 2007). Dr. Horn also stated that
3  he does not expect plaintiff to survive more than one year, but did not give any opinion that the
4  plaintiff's life expectancy is any shorter than one year. (See, Trial Transcript, San Francisco
5  Superior Court, March 6, 2008, pp. 1543, 1552, attached as Exhibit B to the Declaration of
6  Geoffrey M. Davis in Support of Crane Co.'s Request for Oral Argument on Motion for Remand,
7  and ¶3 thereof.)

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

Dated: March 18, 2008          By: _____
                                   Geoffrey M. Davis
                                   Attorneys for Defendant Crane Co.

---

3
**REQUEST FOR ORAL ARGUMENT ON PLAINTIFF'S MOTION TO REMAND**