UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Russell C. Roberts, Jr, | No. C 08-1338 JL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| A.W. Chesterton Company, et al., | **(Docket # 5)** |
| Defendants. | |

**Introduction**

This matter was submitted without oral argument pursuant to Civil Local Rule 7-1(b). The Court considered Defendant Crane Co.'s request for oral argument but concluded that the parties' pleadings were adequate for the Court to render its decision, and the Court's calendar did not permit a hearing on an expedited basis. Both parties consent to this Court's jurisdiction over this matter, pursuant to 28 U.S.C. §636(c) and Civil Local Rule 73.

**Factual and Procedural Background**

Plaintiff Russell C. Roberts Jr. ("Roberts") is 58 years old, a California resident, and dying from mesothelioma. On June 18, 2007, Roberts filed a personal injury action in Superior Court, County of San Francisco, against Crane Co. ("Crane") and 27 other

defendants, alleging that the products and activities of these defendants exposed Roberts to asbestos, which caused his injuries.

Throughout the course of the litigation, various defendants were dismissed, while others engaged in negotiations with plaintiff that yielded different agreements and arrangements with regard to settlement. Trial began on February 4, 2008 in Department 303 of the San Francisco Superior Court before the Honorable Julie Tang. By March 7, 2008, Roberts had reached agreements to settle with 13 defendants. Only three of these defendants have paid settlement money and been dismissed or are in the process of being dismissed. A settlement was reached with a California resident-defendant Warren Pumps, Inc., and payment was due on January 25, 2008. However, Roberts alleges payment has not yet been rendered and that court intervention to enforce the settlement may be necessary. Two defendants whose settlements are not final and who have not been dismissed are California resident-defendants J.T. Thorpe & Son, Inc. and Metalclad Insulation Corporation. Thorpe Insulation Co., also remains a defendant. This defendant recently filed for bankruptcy and its motion for a stay of state court proceedings was granted.

During the trial on March 7, 2008, outside the presence of the jury, counsel for Roberts informed the court and opposing counsel for Crane and Durabla Manufacturing Company ("Durabla") that plaintiff had reached a confidential settlement with defendant Metalclad, pending performance of certain conditions that plaintiff expected would be completed in roughly 30 days. Counsel for Roberts stated that it was not dismissing Metalclad from the action until payment of the settlement amount was received. The court noted that Metalclad remained a party in the case until dismissed following performance of the agreement. Crane immediately announced its intent to remove this case to federal court based on complete diversity, which it did later that day. Subsequently, Roberts filed the instant motion to remand to the Superior Court, County of San Francisco for lack of subject matter jurisdiction. Roberts alleges that at least one California defendant remains in the action and that Crane failed to obtain unanimous consent of the remaining

defendants (Durabla specifically), which makes Crane's removal petition procedurally defective.

## Legal Analysis

Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state court to federal district court if the district court has subject matter jurisdiction over the case. The district court has subject matter jurisdiction if there is diversity of citizenship between the parties or if the action is founded on a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). Section 1441(b) further provides that if the basis for federal jurisdiction is diversity of citizenship, removal is available only if no defendant is a citizen of the forum state. As the party seeking to remove the action, the defendant bears the burden of establishing that subject matter jurisdiction exists. *Ethridge*, 861 F.2d at 1393. Since the Court strictly construes the removal statute against removal, if there is any doubt as to the existence of federal jurisdiction, then the Court should remand the matter to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A case which is not removable when commenced can only become removable, based on diversity, when the diversity is created by a voluntary act by the plaintiff. *Self v. General Motors Corp.*, 588 F.2d 655, 659-660 (9th Cir. 1978). Crane does not contend that the instant suit was removable when commenced.

The voluntary act necessary to create removal jurisdiction must be an act that "unequivocally effects an abandonment of any resident defendant." *Schmidt v. Capital Life Ins. Co.*, 626 F.Supp. 1315, 1318 (N.D. Cal. 1986). In *Mertan v. E.R. Squibb & Sons, Inc.*, 581 F. Supp. 751 (C.D. Cal. 1980), the Court held that complete diversity, necessary for removal to federal district court, did not exist because "the defendant Boyle & Co. has not yet been dismissed from the State action and is still a viable defendant." *Id.* at 753. The court found the defendant was still a party to the action because the state court had not signed or filed a written dismissal of the defendant from the action. *Id.*

Crane argues that, in *Mertan*, the failure to formally dismiss the California defendant was merely an alternative ground for the court to grant plaintiff's request for remand of the action to state court, and so *Mertan* has limited or no precedential value. This argument is unpersuasive. In explaining its decision to remand, the court set out the three infirmities it saw in the defendant's petition for removal that justified remand. *Id.* at 753. The court found that any of the three justified remand. The lack of complete diversity, based on the fact that a non-diverse defendant had not been formally dismissed from the action, was one. The distinctions Crane draws between *Mertan* and the case at bar are unpersuasive.

In *Guerrero v. General Motors Corp.*, 392 F.Supp.2d 1133 (N.D. Cal. 2005), the court cited with approval the holding in *Mertan* that formal, written dismissal of the defendants was necessary for purposes of complete diversity. *Id.* at 1135. It also specifically rejected General Motors' argument that plaintiffs had indicated their intent not to proceed against the non-diverse defendants by reaching settlement agreements with those defendants and that the case was therefore removable despite the fact that the non-diverse defendants had not been dismissed from the case. *Id.* However, the settlement agreements reached by the non-diverse defendants were not yet binding and those defendants had not been dismissed from the case. *Id.* The court remanded the case to superior court.

The only difference between *Guerrero* and the case at bar is the reason *why* the settlement agreements were not binding. *Guerrero* required another step (court approval) beyond signing the agreement in order for the settlement to be binding. The settlement agreement required court approval because four of the plaintiffs in *Guerrero* were minors. In the instant case, there are several defendants who do not appear to have formal, binding settlement agreements and have not been formally dismissed from the case. Two defendants whose settlements are not final and who have not been dismissed are California resident-defendants J.T. Thorpe & Son, Inc. and Metalclad Insulation Corporation. Thorpe Insulation Co., has filed for bankruptcy and obtained a stay of the

state court proceedings. Finally, plaintiff has only a non-binding "agreement to agree" with Waldron Duffy, Inc., a California citizen.

Crane has the burden of establishing that subject matter jurisdiction exists. If there is any doubt as to the existence of federal jurisdiction, the court should remand. *Gaus*, 980 F. 2d at 566. The record before the Court does not establish that binding settlement agreements have eliminated all non-diverse Defendants from the state court action. Consequently, complete diversity did not exist at the time of removal. This Court is therefore without subject matter jurisdiction.

## Conclusion

For the foregoing reasons, plaintiff's motion to remand this action to the Superior Court of California, County of San Francisco, is GRANTED. This case is hereby remanded to San Francisco Superior Court.

IT IS SO ORDERED.

DATED: March 24, 2008

_____/s/_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\08-1338\remand order.wpd